**UNITED STATES of America**

v.

**Mose JEFFERSON.**

**Civil Action No. 08–085.**

United States District Court,
E.D. Louisiana.

March 4, 2009.

Richard Rowland Pickens, II, Michael M. Simpson, Salvador Robert Perricone, U.S. Attorney's Office, New Orleans, LA, for United States of America.

Ike Spears, Spears & Spears, Pedro F. Galeas, Burgos & Evans, LLC, New Orleans, LA, for Mose Jefferson.

### ORDER AND REASONS

MARY ANN VIAL LEMMON, District Judge.

The Motion to Substitute Untainted Asset for Cash Seized for Purposes of Paying Private Counsel or, in the Alternative, for a Declaration that Attorneys Mortgage on Said Untainted Asset is Superior to any Post Verdict Claim by the Government (Doc. # 40) filed by the defendant Mose Jefferson is **DENIED.**

### BACKGROUND

Mose Jefferson is alleged to have received illegally $913,168 in commission income for a computer based learning system sold to the Orleans Parish School Board. On June 19, 2007, the government seized $263,679.57 from two bank accounts, which Jefferson concedes is traceable to the $913,168.

Jefferson is also a defendant in a separate matter, No. 08–140 (U.S.D.C., E.D.La.), where he is charged with mail fraud, conspiracy to defraud the United States, tax evasion, money laundering, aggravated identity theft, and embezzlement.[1] On December 8, 2008,

---

**1.** Specifically, Jefferson is alleged to have violated 18 U.S.C. §§ 371, 666, 1001, 1341, 1342, and 1956(h).

the government filed in No. 08–140, a Bill of Particulars, which contained notice that the government is seeking forfeiture of certain real estate, including property at 2712 and 2714–2716 Loyola Avenue, New Orleans, Louisiana. The government also filed a notice of *lis pendens* on the Loyola property.

Jefferson contends that the Loyola property is untainted, and has an appraised value of $630,000. Jefferson moves to substitute the Loyola property for the $263,679 in cash that the government seized in this matter, or in the alternative, for a declaration that the attorneys' mortgage on the Loyola property is superior to any post-conviction claim of the government to the property. Jefferson argues that he is without funds, and needs cash to pay private counsel in the criminal cases pending against him.

## ANALYSIS

Federal Rule of Criminal Procedure 32.2 was adopted in 2000 to govern the forfeiture of assets in a criminal case. Federal Rule of Criminal Procedure 32.2(e)(1)(b) provides that on motion by the United States, "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that is substitute property . . ." Further, as the Advisory Committee Notes to Fed.R.Crim.P. 32.2 indicate, "[s]ubdivision (e) makes clear . . . that the court retains jurisdiction to amend the order of forfeiture at any time to include subsequently located property which was originally included in the forfeiture order and any substitute property." [2]

Jefferson seeks to employ Fed.R.Crim.P. 32.2(e)(1)(b) to substitute the accounts seized in this case (No. 08–085) with the Loyola property which is subject to forfeiture in the other case (No. 08–140).

Jefferson is alleged in No. 08–140 to have violated several laws, including 18 U.S.C. § 666 which relates to theft or bribery concerning a program receiving federal funds. A violation of 18 U.S.C. § 666 is a "specified unlawful activity" which allows real property to be subject to forfeiture by the United States.[3] Jefferson has not contested whether the Loyola property is subject to forfeiture in No. 08–140. Rather, Jefferson contends in this case, No. 08–085, that the notice of forfeiture in No. 08–140 was filed after the instant motion, and is in bad faith and irrelevant.

■ Forfeiture in criminal cases serves to punish an individual for committing a criminal offense and Federal Rule of Criminal Procedure 32.2 sets out the procedures governing criminal forfeiture.[4] Federal Rule of Criminal Procedure 32.2(e)(1)(b) is triggered upon the government's motion, and is intended to give the court continuing jurisdiction to amend any existing order of forfeiture to include property located subsequent to the original forfeiture order or to substitute property that is eligible for forfeiture. The court is without authority to order the substitution of assets under 32.2(e)(1)(b) on defendant's motion.

Jefferson requests, alternatively, that this court declare that his attorneys' mortgage on the Loyola property is superior to any post-conviction claim of the government to the property.

■ The government's bill of particulars in No. 08–140 notifies that the Loyola property is subject to forfeiture. Federal Rule of Criminal Procedure 32.2(c) provides a method by which third parties may assert an interest in the property to be forfeited through an ancillary proceeding in the case where the assets have been forfeited.[5] The Advisory Committee Notes to Fed.R.Crim.P. 32.2 further note that the ancillary proceeding "allows the court to conduct a proceeding in which all third party claimants can participate and which ensures that the property

2. *See also* Wright, King and Klein, Federal Practice and Procedure, § 549, *Subsequently Located Property; Substitute Assets* (2004 ed.).

3. *See* 18 U.S.C. §§ 981(a)(1)(C) and 1956(c)(7)(D).

4. John K. Rabiej, *Proposed Supplemental Rule G Governing Pretrial Procedures in Forfeiture in Rem Actions*, 51–SEP Federal Lawyer 41, 42 (2004).

5. *See* Wright, King and Klein, Federal Practice and Procedure, § 549, *Subsequently Located Property; Substitute Assets* (2004 ed.).

forfeited actually belongs to the defendant." As the Fifth Circuit has noted, "[w]hen a third party files a petition asserting an interest in property that the government seeks to forfeit, the district court is required to conduct an " 'ancillary proceeding.' " [6] Any such proceeding affecting the Loyola property would be brought properly in No. 08–140. Any declaration by this court as to the rights of counsel to the Loyola property would constitute an impermissible advisory opinion on an event that has not occurred.

Defendant's Motion to Substitute Untainted Asset for Cash Seized for Purposes of Paying Private Counsel or, in the Alternative, for a Declaration that Attorneys Mortgage on Said Untainted Asset is Superior to any Post Verdict Claim by the Government (Doc. # 40) is **DENIED.**

Michael William Condon, Michael D. Bersani, Jason W. Rose, Hervas, Condon & Bersani, P.C., Itasca, IL, for Plaintiffs.

Gino L. Divito, Deborah Estelle Decker, Timothy A. Hudson, Tabet Divito & Rothstein LLC, Kenneth M. Sullivan, Sullivan & Associates, LLC, Steven J. Rosenberg, Steven J. Rosenberg, P.C., William Martin Walsh, Law Office of William M. Walsh, Colette Alexandra Walsh, Deborah Joyce Allen, Attorney General's Office, Roger Joseph Kiley, Shefsky and Froelich, Chicago, IL, for Defendants.

**6.** *U.S. v. Corpus,* 491 F.3d 205, 208 (5th Cir. 2007); Fed.R.Crim.P. 32.2.